# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:24-cr-6 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| HAROLD SOSNA, | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant Harold Sosna's Motion for Early Termination of Supervised Release (Doc. 3). The Government filed a Response (Doc. 14), to which Defendant filed a Request for Ruling on the Papers (Doc. 15). Thus, this matter is ripe for the Court's review. For the following reasons, the Court **GRANTS** Defendant's Request for Ruling on the Papers (Doc. 15) and **DENIES** Defendant's Motion for Early Termination of Supervised Release (Doc. 3).

## BACKGROUND

Defendant Harold Sosna was sentenced to 42 months of imprisonment and three years of supervised release after pleading guilty to one count of bank fraud in the United States District Court for the Western District of Pennsylvania. He was further ordered to pay restitution in the amount of $58,868,584.06. Defendant was released from the Bureau of Prisons' custody on June 27, 2023. Jurisdiction over Defendant as a supervised releasee was subsequently transferred to this Court. (Transfer of Jurisdiction, Doc. 1.) Then, on

April 10, 2025, Defendant moved for early termination of supervised release. (*See* Motion, Doc. 3.) Additional filings and briefing followed. (*See* Docs. 5, 6, 12, 14.) This matter is now ripe for the Court's review.

## LAW AND ANALYSIS

"A district court may, after considering a subset of the sentencing factors set forth in § 3553(a), terminate a term of supervised release 'at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (quoting 18 U.S.C. § 3583(e)(1)). The particular subset of statutorily relevant § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (4) the kinds of sentence and the sentencing range established . . . ;
>
> (5) any pertinent policy statement . . . ;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *see also* 18 U.S.C. § 3583(e)(1). As confirmed by the Sixth Circuit, a district court "exercis[es] its broad discretion to resolve motions for early termination of supervised release." *Hale*, 127 F.4th at 641.

Defendant requests for the Court to rule on this matter without holding a hearing. (*See* Defendant's Request, Doc. 15.) Federal Rule of Criminal Procedure 32.1(c) requires a hearing before modifying a term of supervised release unless—as is the case here—the relief sought is favorable to the defendant and is unopposed by the government. (*See* Response, Doc. 14, Pg. ID 72 (deferring to the discretion of the Court in determining whether the motion should be granted)). Additionally, courts routinely dispose of motions to modify supervised release without a hearing when no modification results. *See, e.g., United States v. Laughton*, 658 F. Supp. 3d 540, 543 (E.D. Mich. 2023); *United States v. Thorson*, No. 5:16-CR-17, 2022 WL 875225, at *2 (W.D. Ky. Mar. 23, 2022). A defendant may also waive the hearing. *See* Fed. R. Crim. P. 32.1(c)(2)(A). Accordingly, the Court does not find a hearing necessary in this matter.

Since Defendant has served at least one year of supervised release, he meets this threshold hurdle for eligibility. *See* 18 U.S.C. § 3583(e)(1). The Court therefore turns to the relevant 18 U.S.C. § 3553(a) factors. To begin, Defendant pled guilty to one count of bank fraud. As reflected by the $58,868,584.06 ordered in restitution, the scale of Defendant's deceit was egregious. The Court also acknowledges Defendant's representations that he had "voluntarily turned himself in prior to any formal investigation" and provided specific information. (Supp. Briefing, Doc. 5, Pg. ID 47.) In light of this offense conduct,

3

as well as accounting for Defendant's specific history and characteristics, the Court finds these considerations to support Defendant serving his full three years of supervised release. *See* 18 U.S.C. § 3553(a)(1). Doing so would also "afford adequate deterrence to criminal conduct" and serve the relevant considerations under 18 U.S.C. § 3553(a)(2)(B)-(D). In terms of the kinds of sentence and sentencing range established, Defendant's sentence of 42 months of imprisonment fell below the 63-to-78-month range established by the United States Sentencing Guidelines. (Presentence Investigation Report, Pg. 19.) Similarly, early termination of Defendant's term of supervised release would not comport with "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see also United States v. Vary*, 683 F. Supp. 3d 666, 671 (E.D. Mich. 2023). The Court is unaware of any pertinent policy statements, so 18 U.S.C. § 3553(a)(5) is a neutral factor.

Finally, the Court considers "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). According to the Government, Defendant has since paid $6,516.27 towards his $58,868,584.06 restitution obligation. (Response, Doc. 14, Pg. ID 71; *see also* Supp. Briefing, Doc. 5, Pg. ID 49 (recounting amount paid as of June 2025)). Judicial policy provides that "[t]he existence of an outstanding financial penalty does not adversely affect early termination eligibility, as long as the person under supervision is in compliance with the payment plan for the prior 12 months." Guide to Judiciary Policy, Vol. 8, § 360.20(e) (July 2, 2018); *see also United States v. Zai*, No. 22-3371, 2022 WL 17832201, at *6 (6th Cir. Dec. 21, 2022). The Government has confirmed that Defendant has been making monthly restitution payments, and Defendant submits that he will

4

remain responsible for making restitution payments even if his supervised release is terminated early. (Response, Doc. 14, Pg. ID 72; Supp. Memo, Doc. 12, Pg. ID 64.) That being said, even acknowledging that the outstanding restitution does not "adversely affect early termination eligibility," the relevant § 3553(a) factors discussed above decidedly weigh against granting such relief.

In making his request for early termination, Defendant highlights his "exemplary" conduct, compliance with his conditions of supervised release, low-risk offender status, and rehabilitation. (Motion, Doc. 3, Pg. ID 40-42.) The Court certainly commends this trajectory. On the whole, however, the Court does not find early termination of supervised release to be warranted by Defendant's conduct, the interests of justice, or after accounting for the relevant § 3553(a) factors.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Request for Ruling on the Papers (Doc. 15) and **DENIES** Defendant's Motion for Early Termination of Supervised Release (Doc. 3).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND